[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The plaintiff and the defendant were married on May 4, 1991, at Westborough, Massachusetts. All jurisdictional requirements have been met.
The parties have two minor children; Parker Wallis, born August 6, 1994; and Brooke Wallis, born April 7, 1997.
The marriage of the parties has broken down irretrievably, and the same CT Page 6782 is hereby dissolved.
The court has considered the evidence and the factors enumerated in Conn. Gen. Stats. Secs. 46b-54, 46b-56, 46b-81 and 46b-82.
The parties have entered into a stipulation concerning the care and custody of the minor children and the court hereby approves that agreement and incorporates it by reference as the courts decree.
The court enters the following orders:
1. All right, title and interest in the marital home is awarded to the defendant. Within 90 days, the defendant shall make all reasonable efforts to refinance the home to remove the plaintiff from the mortgage obligation. She shall, until such time as the financing is in her name only, or if such refinancing is not possible, hold harmless the plaintiff from all costs and liabilities associated with the home.
2. The plaintiff is awarded the stock options exercisable as of March 2, 2001. The plaintiff's attorney shall be responsible for preparing any specific documents necessary to effectuate this order.
3. The plaintiff is awarded $96,375.00 of the 401K maintained by the defendant's employer. The plaintiff's attorney shall prepare a QUADRO to effectuate this order.
4. The plaintiff is awarded $21,000.00 of the pension maintained by the defendant's employer. The plaintiff's attorney shall prepare a QUADRO to effectuate this order.
5. The plaintiff is awarded the Dodge Dakota.
6. The plaintiff is awarded the property on the list he has submitted to the court.
7. The defendant is awarded the rest of the personal property located at or in the marital home.
8. The defendant shall be responsible for the debts listed on her financial affidavit which bear no initials or her initials.
9. The plaintiff shall be responsible for the debts listed on his financial affidavit, as well as any other debts including personal liabilities and credit cards not listed, incurred by him since the complaint herein was issued. CT Page 6783
10. The defendant shall pay to the plaintiff as unallocated alimony and child support, $650.00 per week, until the earliest of the following events; the remarriage of the plaintiff, his cohabitation in a manner contemplated by statute, the death of either party, or May 1, 2003. This order is non-modifiable as to term.
The plaintiff, who is essentially not employed outside the home, possesses marketable skills and has earning capacity. He is now able to maintain full-time employment as the parties had contemplated. This order provides for a re-entry period and is modifiable downward as his earnings increase or as the defendant's income decreases. In view of the totality of the financial orders, a deviation from the child support guidelines is appropriate. The orders are subject to a contingent wage withholding order.
11. Each party shall be responsible for his or her own attorney fees.
12. Each party shall maintain health insurance for the benefit of the minor children as it is available through their employment, or if not so available, through the Connecticut Husky plan.
13. Each party shall make the minor children irrevocable beneficiaries of any life insurance available to them through their employment.
GORDON, J.